# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEFFREY A. THORNHILL, ) | |
| ) | Case No. 3:19-cv-419 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Debra C. Poplin |
| KENNETH HUTCHISON, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Petitioner Jeffrey Thornhill has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his confinement for a Grainger County conviction for theft of property over $10,000 (Doc. 1). Respondent has filed a motion to dismiss the petition for want of exhaustion (Doc. 15), and Petitioner, conceding the lack of exhaustion, has filed a motion seeking to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 17). For the reasons set forth below, Petitioner's motion (Doc. 17) will be **GRANTED**, Respondent's motion (Doc. 15) will be **DENIED AS MOOT**, and this action will be **DISMISSED WITHOUT PREJUDICE**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(1) allows a petitioner to voluntarily dismiss an action without leave of court before the adverse party serves an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1); *Williams v. Caruso*, No. 2:07-CV-11291, 2008 WL 544954, at *1 (M.D. Mich. Feb. 25, 2008) (finding Rule 41 fully applies to federal habeas petitions). Once the opposing party has answered or served a motion for summary judgment, an action may only be dismissed by "a stipulation of dismissal signed by all parties who have

appeared" or "upon court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)–(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Generally, dismissal is appropriate unless it would cause the respondent to suffer some "plain legal prejudice" as a result. *Id*.

The Court considers the following factors in determining whether a respondent will suffer "plain legal prejudice": (1) the amount of time and effort the respondent has spent preparing for trial; (2) excessive delay and lack of diligence on the part of the petitioner in prosecuting the action; (3) the petitioner's failure to explain the need for a dismissal; and (4) whether the respondent has filed a motion for summary judgment. *Id.*

## II. DISCUSSION

None of the above-cited factors weigh in favor of denying Petitioner's motion, as Respondent's efforts in this case have been minimal, and Petitioner moved for a voluntary dismissal promptly upon learning of his need to exhaust state-court remedies. *See id.* The Court, therefore, finds dismissal under Rule 41(a)(2) appropriate.

## III. CONCLUSION

For the reasons discussed above, Petitioner's motion for voluntary dismissal (Doc. 17) will be **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. Respondent's motion to dismiss for want of exhaustion (Doc. 15) will be **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**